# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THOMAS MILLER,

    Plaintiff,

v.                                                         CASE NO. 8:22-cv-01186-TPB-JSS

DIRECT CLAIMS MANAGEMENT
GROUP, LLC,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff THOMAS MILLER ("Plaintiff") and Defendant DIRECT CLAIMS MANAGEMENT GROUP, LLC ("Defendant") jointly move the Court for approval of the attached settlement agreement entered into this action (the "Agreement") and entry of an order of dismissal with prejudice. Plaintiff and Defendant (collectively, the "Parties") have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a fair and reasonable compromise of the claims asserted. The Court's approval and entry of an order of dismissal will consummate the Agreement between the Parties. The grounds for this motion are set forth in the following memorandum of law.

## MEMORANDUM OF LAW

### A.     BACKGROUND

On May 23, 2022, Plaintiff filed a Complaint and Demand for Jury Trial in the Middle District of Florida for the recovery of back pay, liquidated damages, attorney's fees, costs of litigation, and other relief from Defendant for violation of the federal Fair Labor Standards Act ("FLSA") (Dkt. 1).

Before proceeding with filing an Answer and Affirmative Defenses and engaging in extensive discovery and pre-trial matters, the parties reached terms of settlement that, if approved by the Court, would completely resolve all of the claims by Plaintiff in this action.

Pursuant to the terms of the settlement agreement, Plaintiff is being made whole and will receive $1,200.00 for backpay and damages, and $3,000.00 for Plaintiff's attorney's fees and costs of litigation. Defendant will bear its own attorney's fees.

The Parties now file this joint motion requesting the Court to approve the Agreement entered into by the Parties in this action and to dismiss this action with prejudice.

B.   **LEGAL PRINCIPLES**

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352–53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354–55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

3

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) (*adopting Leverso* factors in reviewing an FLSA settlement). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair," and remain aware "that a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Hamilton*, 2007 WL 328792, at *2 (internal citations omitted).

## C.   LEGAL ANALYSIS

As discussed above, the Parties have reached an agreement for settlement before the Parties would have to expense additional costs and fees with Defendant filing an answer and defenses and for further litigation. The Parties recognize that it is likely that outside of an immediate resolution, the Parties would thus incur unnecessary time, effort, and costs to obtain recovery. Plaintiff was owed one paycheck in the net amount of $713.11, and in addition, was owed 7.19 hours of accrued PTO at $18.59 per hour for a total of $133.66. The parties separately negotiated attorney's fees and costs of litigation. Plaintiff's counsel claimed to

4

have five hours of time in this matter as of June 24, 2022, and bills at $350.00 per hour. Plaintiff's counsel estimated at that time that his total time would be eight or nine hours depending on his role in drafting this motion, the revisions to the settlement agreement and additional contacts with Plaintiff and Defense counsel. In addition, Plaintiff's counsel advanced and incurred a $402.00 filing fee plus $90.00 in service fees.

Plaintiff therefore acknowledges that the settlement terms—specifically dismissal with prejudice, with Defendant paying Plaintiff $4,200.00 for back pay, damages, and attorney's fees, and Defendant bearing its own fees and costs — represent a fair and reasonable compromise of Plaintiff's claims. Accordingly, the settlement is fair.

Courts have found no fraud or collusion where both parties were represented by counsel, the amount allocated to the plaintiff[s] was reasonable, and the parties stipulated that the settlement is fair and reasonable. *See Helms v. Cent. Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4-5 (M.D. Fla. Dec. 26, 2006) (applying *Leverso* factors in FLSA settlement). The undersigned counsel represents to the Court that there was no fraud or collusion.

The complexity and expense of future litigation also militate in favor of this settlement. This case is not yet set for a pretrial conference nor for trial. This settlement is therefore a reasonable means for the Parties to minimize future risks

and litigation costs. Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. The Parties have engaged in cordial and informal discovery. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make educated and informed analyses of the claims for purposes of resolution.

The settlement reached in this case did not involve coercion, collusion, or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendant.

## CONCLUSION

For the foregoing reasons, the Parties file this joint motion requesting that the Court approve the proposed settlement agreement and enter an Order dismissing this action with prejudice.

Date: July 22, 2022

/s/ Matthew W. Birk
Matthew W. Birk
Florida Bar No. 92265
mbirk@gainesvilleemplpoymentlaw.com
The Law Office of Matthew Birk
309 NE 1st Street
Gainesville, Florida 32601
Telephone: (352) 244-2069
Facsimile: (813) 472-7570
Attorney for Plaintiff

/s/ Eric W. Smith
Judith S. Lambert.com
Florida Bar No. 0578932
judy@judithslambert.com
Eric W. Smith
Florida Bar No. 093050
ericw@judithslambert.com
Lambert Law Offices, PL
617 W. Lumsden Rd.
Brandon, Florida 33511
Telephone: (352) 244-2069
Facsimile: (813) 472-7570

6

                                                                                            Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify on July 22, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing of the foregoing document to all counsel of record in this case.

                Matthew W. Birk
                The Law Office of Matthew Birk
                309 NE 1st Street
                Gainesville, FL 32601

                *Counsel for Plaintiff*
                *Thomas Miller*

                                                    */s/ Eric W. Smith*
                                                    Attorney for Defendant

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This is a SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement") entered into by and between THOMAS MILLER ("Plaintiff) and DIRECT CLAIMS MANAGEMENT GROUP, LLC ("Defendant").

## BACKGROUND

On May 23, 2022, Plaintiff filed a Complaint and Demand for Jury Trial in the Middle District of Florida, Tampa Division against Defendant, styled as *Thomas Miller v. Direct Claims Management Group, LLC*, No. 8:22-cv-01186 (the "Lawsuit"). Plaintiff alleges that Defendant failed to properly pay back pay for time worked in violation of the federal Fair Labor Standards Act ("FLSA").

Before proceeding with filing an Answer and Affirmative Defenses and engaging in extensive discovery and pre-trial matters, the Parties reached terms of settlement that, if approved by the Court, would completely resolve all of the claims by Plaintiff in this action. The Parties now file this joint motion requesting the Court to approve the Agreement entered into by the Parties in this action and to dismiss this action with prejudice.

The parties desire to fully and finally resolve the differences between them on a mutually agreeable basis and thus have entered int this Agreement.

## SUBSTANTIVE PROVISIONS

In exchange for the mutual promises contained herein and for other good and valuable consideration, the receipt of which is expressly acknowledged, the parties agree as follows:

1.      **Terms.**

A.      Defendant shall pay Plaintiff $1,200.00 as payment for Plaintiff's final paycheck. Defendant shall also pay $3,000.00 for Plaintiff's attorney's fees and costs of litigation.

B.      As consideration for this Agreement, and as set forth in detail below, Plaintiff and Defendant agree to mutually release each other from any and all

8

claims and defenses, known or unknown, that they have, had, or may have had against each other. Plaintiff acknowledges and agrees that the terms of this Agreement are sufficient consideration for the releases and other promises made by Plaintiff in this Agreement.

C.   The parties agree to bear their own attorneys' fees and costs in connection with the preparation of this Agreement.

D.   The parties will jointly file a motion seeking approval of the settlement and dismissal of the Lawsuit with prejudice.

**2.   General Mutual Release.**

**A.**   Plaintiff hereby releases and forever discharges Defendant from any and all claims he has, had, or hereafter may have against Defendant based upon his FSLA claim against Defendant. Plaintiff for himself, and his heirs, agents, attorneys, insurers, and assigns (collectively **Releasing Parties**), release and forever discharge Defendant, along with its predecessors, and any other past or present owner(s), and its respective employees, officers, directors, attorneys, insurers, parents, affiliates, subsidiaries, shareholders, members, managers, predecessors, successors and/or assigns (collectively, **Released Parties**), from and against any liability, all claims, defenses, demands, actions, causes of action, damages, costs, expenses, compensation, and any and all consequential damages, whether known or unknown, resulting directly or indirectly from the Lawsuit, and any other matters relating directly or indirectly thereto that accrued prior to the effective date of this agreement.

**B.**   Plaintiff representants that, other than the lawsuit, he does not presently have on file, and has not made in any forum, any complaints, charges, or claims (whether civil, administrative, or criminal) against Defendant or Defendant's partners, employees, agents, representatives, insurers, and successors in interest. Plaintiff agrees that if, after signing this Agreement, he thereafter commences, joins in, or in any manner seeks relief through any suit arising out of, based upon, or relating to any of the claims released hereunder, or asserts in any manner against Defendant or Defendant's partners, employees, agents, representatives,

9

insurers, and successors in interest any of the claims released hereunder, Plaintiff will pay to such person or entity, in addition to any other damages caused by Plaintiff, all attorneys' fees, incurred by any of them in defending or in otherwise responding to such suit or claim. Nothing in this Agreement will interfere with Plaintiff's right to file a charge with, or cooperate, or participate in an investigation or proceeding conducted by, the Equal Employment Opportunity Commission, or any other federal or state regulatory or law enforcement agency. However, the consideration provided to Plaintiff under this Agreement will be the sole relief provided to Plaintiff for the claims that Plaintiff has released, and Plaintiff will not be entitled to recover and agrees to waive any monetary benefits or recovery against Defendant in connection with any such claim, charge or proceeding

C.    Defendant hereby releases and forever discharges Plaintiff from any and all claims he has, hard or hereafter may have against Plaintiff based upon Plaintiff's FSLA claim with Defendant. Defendant forever releases and discharges Plaintiff from and against any liability, claims, defenses, demands, actions, causes of actions, damages, costs, expenses, compensations, and any and all consequential damages, whether known or unknown, resulting directly or indirectly from the Lawsuit, and the origination and any other matters relating directly or indirectly thereto that accrued prior to the effective date of this agreement.

3.    **Non-admission of Liability**. The parties acknowledge and agree that the resolution of the Lawsuit does not constitute any admission of liability by either party and is solely for the purpose of avoiding the expense and inconvenience of future proceedings between the parties.

4.    **Opportunity for Review/Right of Revocation.** The Parties acknowledge and agree that Plaintiff was provided a period of twenty-one (21) days to review this Agreement before signing it. Plaintiff also agrees that, if he executes the Agreement prior to the expiration of the 21-day review Period, he waives the remainder of the 21-day review period. In addition, the parties acknowledge and agree that Plaintiff has a period of seven (7) days after the date he signs this Agreement within which he may revoke this Agreement. Plaintiff agrees that Defendant encouraged him to seek adequate legal counsel to consult with him regarding the terms of this Agreement prior to signing it and he has done so.

6. **Adequate Consideration**. The consideration received in connection with this Agreement is fair, adequate, and substantial and consists only of the terms set forth in this Agreement.

7. **Representation**. The Parties have each consulted or have had the opportunity to consult with an attorney prior to entering into this Agreement. Unless otherwise provided herein, each party will pay their own attorneys' fees and court costs.

8. **Governing Law**. The laws of Florida govern this Agreement without regard to its choice of law rules.

9. **Counterparts**. This Agreement may be signed in counterparts, each one of which is considered an original, but all of which constitute one and the same agreement. A copy of this Agreement will be valid and enforceable as the original.

10. **Entire Agreement**. This Agreement constitutes the entire understanding of the Parties, except as otherwise provided. This Agreement may not be amended or altered except by written agreement of the Parties. The Parties have read the contents of this Agreement and agree to and understand its definitions, recitals, terms, and conditions.

11. **Attorneys' Fees**. If it is necessary to enforce this Agreement, the prevailing party will be entitled to recover reasonable attorneys' fees.

12. **Successors**. This Agreement binds and inures to the benefit of the Parties and their respective heirs, beneficiaries, successors, and assigns. Each Released Party is intended to be third-party beneficiaries of this Agreement.

13. **Severability**. If any portion of this Agreement is found to be invalid, it will not affect the validity of the remainder of this Agreement.

14. **Waiver**. If any party fails to require another party to perform any term of this Agreement, that failure does not prevent the other party from later enforcing that term. If any party waives the other's breach of a terms, that waiver does not waive a later breach of the term.

15. **"Including."** Unless the context requires otherwise or explicitly states otherwise, the term "including" means "including but not limited to."

16. **Headings**. Headings are for convenience only and do not affect the interpretation of this Agreement.

17. **Capacity**. The individuals whose signatures are affixed to this agreement in a representative capacity represent that they are authorized to execute this Agreement on behalf of and to bind the entity or person on whose behalf the signature is affixed.

18. **Right to Cure**. Each Party is entitled to written notice of any alleged breach of this Agreement and shall have thirty (30) calendar days from receipt of notice to cure or dispute the same prior to the other Party commencing legal action to enforce this Agreement. The Parties will work in good faith to resolve the matter and agree that no cure will be deemed an admission of default.

19. **WAIVER OF TRIAL BY JURY. THE PARTIES WAIVE ANY RIGHT TO A TRIAL BY JURY AS TO ANY ISSUE ARISING FROM THIS AGREEMENT OR THE RELATED DISPUTE.**

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the dates below:

_____
**THOMAS MILLER, Plaintiff**

Date Executed: __7/22/2022__

STATE OF __Florida__ §
§
COUNTY OF __Hillsborough__ §

BEFORE ME, the undersigned officer, on this, the __22nd__ day of __July__ 2022, personally appeared Thomas Miller, ☐ known to me or, ☒ through production of __FL. DL.__ as identification, the person whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that he had executed the foregoing instrument for the purpose and consideration described and in the capacity stated.

_____
Print Name: __Ryan M. Donoghue__
Notary Public, State of __Florida__
Commission No.: __HH031399__
My Commission Expires: __9-22-2024__

(seal)

RYAN MATTHEW DONOGHUE
MY COMMISSION # HH 031399
EXPIRES: September 22, 2024
Bonded Thru Notary Public Underwriters

## DIRECT CLAIMS MANAGEMENT GROUP, LLC

Signature: _[signature]_

Name: James LeBrun

Title: CEO/Manager

Date Executed: 7/21/2022

STATE OF Florida          §
                          §
COUNTY OF Hillsborough    §

BEFORE ME, the undersigned officer, on this, the 21st day of July, 2022, personally appeared James LeBrun, ☒ known to me or, ☐ through production of _____ as identification, who identified her/himself to be the Manager of Direct Claims Management Group, LLC, the person and officer whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that (s)he had executed the foregoing instrument as the act of Direct Claims Management Group, LLC for the purpose and consideration described and in the capacity stated.

_[signature]_

Print Name: Judith C. Lambert
Notary Public, State of _____
Commission No.: _____
My Commission Expires: _____

JUDITH SCHUTZBACH LAMBERT
MY COMMISSION # GG 978131
EXPIRES: August 12, 2024
Bonded Thru Notary Public Underwriters

(seal)